1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11  OHIO SECURITY INSURANCE              Case No. 1:23-cv-00191-ADA-CDB
    COMPANY,
12                                       **FINDINGS AND RECOMMENDATION
                    Plaintiff,           TO GRANT PLAINTIFF'S MOTION FOR
13                                       DEFAULT JUDGMENT**
            v.
14                                       (Doc. 21)
    RICHARD ROMEO DAIGLE, et al.,
15                                       **14-DAY DEADLINE**
                    Defendants.
16

17

18          Plaintiff Ohio Security Insurance Company initiated this action with the filing of a

19  complaint against Defendants Ridgecrest Restoration Ministries ("Ridgecrest"), Ridgecrest

20  Vineyard Church, Akop Agazaryan, Gohar Hekimian, and Richard Romeo Daigle on February 8,

21  2023.  (Doc. 1).  According to the complaint, Defendants Agazaryan and Hekimian filed a lawsuit

22  in the Superior Court of California, County of Kern, in which they allege that on October 24,

23  2022, Agazaryan was injured by a vehicle that was owned and registered by Defendant

24  Ridgecrest and operated by Defendant Daigle.  (Doc. 1 at ¶¶ 10, 12-13).

25          Plaintiff issued an insurance policy ("the Ohio Security Policy") to Ridgecrest as the

26  named insured for a term from November 30, 2021, to November 30, 2022. (*Id*. ¶ 14). The

27  insurance policy provides in relevant part:

28  / / /

1    1.  Insuring Agreement

2            We will pay those sums that the insured becomes legally obligated
3       to pay as damages because of "bodily injury" or "property damage"
        to which this insurance applies.  We will have the right and duty to
4       defend the insured against any "suit" seeking those damages.
        However, we will have no duty to defend the insured against any
5       "suit" seeking damages for "bodily injury" or "property damage" to
        which this insurance does not apply

6    2.  Exclusions

7            This insurance does not apply to:

8            g. Aircraft, Auto Or Watercraft

9            "Bodily injury" or "property damage" arising out of the ownership,
        maintenance, use or entrustment to others of any aircraft, "auto" or
10      watercraft owned or operated by or rented or loaned to any insured.
        Use includes operation and "loading and unloading".
11
            This exclusion applies even if the claims against any insured allege
12      negligence or other wrongdoing in the supervision, hiring,
        employment, training or monitoring of others by that insured, if the
13      "occurrence" which caused the "bodily injury" or "property damage"
        involved the ownership, maintenance, use or entrustment to others of
14      any aircraft, "auto" or watercraft that is owned or operated by or
        rented or loaned to any insured.
15
     SECTION II – WHO IS AN INSURED
16
            If you are designated in the Declarations as:
17
            d.      An organization other than a partnership, joint venture or
18      limited liability company, you are an insured.  Your "executive
        officers" and directors are insureds, but only with respect to their
19      duties as your officers or directors.  Your stockholders are also
        insureds, but only with respect to their liability as stockholders.
20
            2.      Each of the following is also an insured:
21
            a.      Your "volunteer workers' only while performing
22      duties  related to the conduct of your business, or your "employees",
        other than either your "executive officers" (if you are an organization
23      other than a partnership, joint venture or limited liability company)
        or your managers (if you are a limited liability company), but only
24      for acts within the scope of their employment by your or while
        performing duties related to the conduct of your business. . .
25
     (Doc. 1-1 at pp. 81, 87).[1]
26
            Ridgecrest and Daigle tendered their defense and indemnity in the underlying lawsuit to
27

28
     _____
     [1] The Court refers herein to the document pagination assigned by CM/ECF.

                                        2

Plaintiff.  (Doc. 1 at ⁋ 17).  Plaintiff agreed to defend Ridgecrest and Daigle, "subject to a full and complete reservation of [Plaintiff's] rights under the policy and applicable law, including the right to seek a judicial declaration as to its rights and obligations, if any, under the Ohio Security Policy[.]" (*Id.* ⁋ 18).

Plaintiff alleges that it had no contractual duty to defend Ridgecrest and Daigle, as Daigle was either a "volunteer worker" or an "employee" of Ridgecrest as defined by the insurance agreement at the time of the accident. (*Id.* ⁋ 26).  Plaintiff asserts that since Daigle qualifies as an "insured" under the insurance agreement, Plaintiff is not required to defend or indemnify him under the Ohio Security Policy because the auto insurance exclusion provision applies.  (*Id.*)

The complaint raises three causes of action. First, Plaintiff claims that it is entitled to a declaration that it has no duty to defend Ridgecrest and Daigle in the underlying lawsuit.  (*Id.* ⁋ 28). Second, Plaintiff seeks a declaration that it has no duty to indemnify Ridgecrest or Daigle for the liability they may incur to Agazaryan or Hekimian in the underlying lawsuit. (*Id.* ⁋ 31).  Finally, Plaintiff seeks reimbursement from Ridgecrest and Daigle for ongoing costs incurred in their defense of the underlying lawsuit.  (*Id.* ⁋ 36).

On March 28, 2023, Plaintiff filed a summons returned executed which indicates that Defendant Daigle was personally served on March 20, 2023.  (Doc. 9).  Following his failure to timely respond to the complaint, on May 19, 2023, Plaintiff filed a request for entry of default as to Defendant Daigle, which was entered by the Clerk of the Court on the same day.  (Docs. 13, 14). On August 14, 2023, Plaintiff voluntarily dismissed Defendants Agazaryan, Hekimian, and Ridgecrest pursuant to Rule 41(a). (Doc. 22).  Now before the Court is Plaintiff's motion for default judgment against Defendant Daigle, the only remaining defendant, filed on August 2, 2023.  (Doc. 21).[2]

Plaintiff's motion attaches court records reflecting that Defendant Daigle was born in 2001.[3]  (Doc. 21-1).  Thus, Daigle was not a minor at the time he allegedly injured Agazaryan.

---

[2] The matter is referred to the undersigned for issuance of findings and recommendations pursuant to Local Rule 302(c)(19).

[3] The Court may take judicial notice of undisputed matters of public record, including court records.  *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018).

1   (Doc. 1 at ⁋ 11).  Because Plaintiff seeks default only as to its declaratory judgment claims and

2   there are no special considerations related to Defendant Daigle, the Court deems Plaintiff's

3   motion for default judgement suitable for disposition without hearing or oral argument.  *See* Local

4   Rule 230(g).

5   **Legal Standard**

6        In general, "default judgments are ordinarily disfavored," as "[c]ases should be decided

7   upon their merits whenever reasonably possible."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606,

8   616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).  Prior to

9   entry of default judgment, there must be an entry of default.  *See* Fed. R. Civ. P. 55.  Upon entry

10  of default, the factual allegations of the complaint, save for those concerning damages, are

11  deemed to have been admitted by the defaulting party.  Fed. R. Civ. P. 8(b)(6); *see Geddes v.*

12  *United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam).  Where the damages claimed is

13  a liquidated sum or ascertainable by mathematical calculation, the Court may enter a default

14  judgment without a hearing.  *See Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *Mesa*

15  *Underwriters Specialty Ins. Co. v. Paradise Skate, Inc.*, 2016 WL 9045622, at *10 (N.D. Cal.

16  Apr. 11, 2016), *F&R adopted*, 2016 WL 9180434 (N.D. Cal. May 2, 2016).  Likewise, courts

17  have found that it is not necessary to hold a hearing regarding damages or require a plaintiff to

18  file an affidavit providing evidence for damages where the only claims for relief against a

19  defaulting defendant are for a declaratory judgment.  *E.g., United Specialty Ins. Co. v. Valdez*,

20  2018 WL 2121632, at *2 (D. Mont. Apr. 16, 2018).

21       However, "a defendant is not held to admit facts that are not well-pleaded or to admit

22  conclusions of law."  *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12,

23  2010) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th

24  Cir.1975)); *accord DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (allegations

25  that do no more than "parrot" the elements of a claim not deemed admitted).  "[F]acts which are

26  not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are

27  not binding and cannot support the judgment."  *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.

28  1978).

4

1    A district court has discretion to grant or deny a motion for default judgment.  *Aldabe v.*
2    *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam); *see TeleVideo Sys., Inc. v. Heidenthal*,
3    826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may
4    require as a prerequisite to the entry of a default judgment.") (per curiam).  The Ninth Circuit has
5    set out seven factors to be considered by courts in reviewing a motion for default judgment: "(1)
6    the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim (3) the
7    sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a
8    dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7)
9    the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the
10   merits."  *Eitel*, 782 F.2d at 1471–72.  Entry of default judgment is not appropriate where the
11   second and third factors weigh against plaintiff.  *See Mnatsakanyan v. Goldsmith & Hull APC*,
12   2013 WL 10155707, *10 (C.D. Cal. May 14, 2013) ("The fact that factors two and three weigh
13   against the entry of default judgment is particularly significant, as courts often treat these as the
14   most important factors.") (citing cases).

15   "If the court determines that the allegations in the complaint are sufficient to establish
16   liability, it must then determine the 'amount and character' of the relief that should be awarded."
17   *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp.2d 916, 920 (C.D. Cal. 2010) (quoting
18   10A Charles Alan Wright *et al.*, Fed. Prac. and Proc. § 2688, at 63 (3d ed. 1998)).  However,
19   courts may decline to enter default judgment if a party's claims are legally insufficient.  *Cripps v.*
20   *Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *Aldabe*, 616 F.2d at 1092-93
21   ("Given the lack of merit in appellant's substantive claims, we cannot say that the district court
22   abused its discretion in declining to enter a default judgment in favor of appellant").

23   **Discussion**

24   **1.  Possibility of Prejudice to the Plaintiffs**

25   The first *Eitel* factor contemplates the possibility of prejudice to the plaintiff if a default
26   judgment is not entered.  *Eitel*, 782 F.2d at 1471.  Prejudice may be shown where failure to enter
27   a default judgment would leave plaintiff without a proper remedy.  *Philadelphia Indem. Ins. Co.*
28   *v. United Revolver Club of Sacramento, Inc.*, Case No. 2:18-cv-2960-KJM-DB, 2020 WL

773419, at *3 (E.D. Cal. Feb. 18, 2020) (*citing Landstar Ranger, Inc*, 725 F. Supp.2d at 920).

Plaintiff seeks injunctive relief which can only be obtained through a judgment.  (Doc. 21 p. 5).[4]  Without entry of default, Plaintiff would be "continuously exposed to liability" in the underlying action.  *Kemper Indep. Ins. Co. v. Boyer*, Case No. 2:22-cv-1458-MCE-DB, 2023 WL 4014658, at *3 (E.D. Cal. June 15, 2023) (quoting *Aspen Ins. UK Ltd. v. Killarney Const. Co., Inc.*, 2012 WL 1831498, at *2 (N.D. Cal. May 18, 2012)).  Since Daigle has refused to defend this action, if default judgment is not entered, Plaintiff would be left without a proper remedy.  The Court finds that the first *Eitel* factor weighs in favor of granting default judgment to Plaintiff.

**2.  Sufficiency of the Complaint and the Likelihood of Success on the Merits**

The second and third *Eitel* factors are the merits of the plaintiff's substantive claim and the sufficiency of the complaint.  *Eitel*, 782 F.2d at 1471-72.  The Court considers these two factors together given the close relationship between the two inquiries.  *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1055 (N.D. Cal. 2010).  These two factors will favor entry of default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover.  *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2010).

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress.  *U.S. v. Summer*, 226 F.3d 1005, 1009 (9th Cir. 2000).  A district court has diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1)-(2).  Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).  The burden of proving the amount in controversy depends on the allegations in the plaintiff's complaint.  *Lowdermilk v. U.S. Bank Nat'l Ass'n.*, 479 F.3d 994, 998-1000 (9th Cir. 2007).

Here Plaintiff is a corporation organized and existing under the laws of New Hampshire, with its principal place of business in Boston, Massachusetts.  (Doc. 1 at ¶ 2).  A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it

---

[4] Plaintiff does not seek monetary damages by its motion for default judgment. *See* (Doc. 21 p. 6).

has its principal place of business.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (citing 28

U.S.C. § 1332(c)(1).  Thus, Plaintiff is a citizen of New Hampshire and Massachusetts.

The Complaint alleges that Defendant Ridgecrest is a nonprofit public benefit

organization organized and existing under the laws of California, with its principal place of

business in Ridgecrest, California.  Daigle is alleged to be a citizen of California residing in Kern

County. Defendants Agazaryan and Hekimian are alleged to be citizens of California residing in

Los Angeles County. (Doc. 1 at ¶¶ 3-7).

The Complaint alleges that this Court has subject matter jurisdiction under 28 U.S.C. §

1332(a)(1) because there is complete diversity between Plaintiff and all the defendants, and

because the amount in controversy exceeds $75,000.  Plaintiff has plausibly alleged that diversity

jurisdiction is present in this case.

The Complaint further alleges that the Court has original jurisdiction under the

Declaratory Judgments Act, 28 U.S.C. § 2201(a). The Declaratory Judgments Act states, "In a

case of actual controversy within its jurisdiction . . . any court of the United States . . . may

declare the rights and other legal relations of any interested party seeking such declaration."  28

U.S.C. § 2201(a). Plaintiff seeks a declaratory judgment as to the scope the Ohio Security Policy,

which is a subject ripe for review under the Declaratory Judgments Act.  *Atain Specialty Ins. Co.

v. All New Plumbing, Inc.*, Case No. 2:18-cv-02746-MCE-KJN, 2019 WL 3543854, at *3 (E.D.

Cal. Aug. 5, 2019).

Where a declaratory judgment action is based on diversity jurisdiction, California law

controls.  *See St. Paul Mercury Inc. Co. v. Ralee Eng'g Co.*, 804 F.2d 520, 522 (9th Cir. 1986).

"California and federal courts have held that declaratory relief is appropriate to negate an

insurer's duty to defend." *Mesa*, 2016 WL 9045622, at * 5; *see Atain*, 2019 WL 3543854, at *4

(E.D. Cal. Aug. 5, 2019) (finding that the merits of a declaratory judgment action are sound

where the underlying bodily injury suit is plainly contemplated in the policy as being excluded,

and the policy at issue explicitly stated that the defendant would have no duty to defend where the

issue was excluded); *RLI Ins. Co. v. City of Visalia*, 297 F.Supp.3d 1038, 1053 (E.D. Cal. 2018)

("The RLI Policy explicitly excludes from coverage the cost of removal, nullification, and

7

cleaning up environmental contamination. Therefore, there can be no doubt that RLI had no duty to defend insofar as plaintiff in the Underlying Action sought damages for the cost of removing, nullifying or cleaning up contaminating substances.").

Taken as true, Daigle was a "volunteer worker" or "employee," which qualified him as an "insured" under the Ohio Security Policy.  (Doc. 1 at ₱ 26).  The Ohio Security Policy also excludes bodily injury or property damage claims for autos loaned to any insured. (*Id*. ₱ 23). Accordingly, since Agazaryan and Hekimian's injuries occurred out of the use of an auto operated by Daigle, the Ohio Security Policy does not provide coverage for their injury claims against Daigle in the underlying lawsuit due to the exclusion clause pertaining to autos. (Docs. 1. p. 5, 1-1 p. 81).  The Court finds that the allegations of the complaint are sufficient and state a meritorious claim. These two *Eitel* factors weigh in favor of granting default judgment.

### 3.  Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *PepsiCo, Inc.*, F.Supp.2d at 1176-77. Where a large sum of money is at stake, this factor disfavors default judgment. *Eitel*, 782 F.2d at 1472. Plaintiff abandoned its reimbursement claim and seeks no monetary relief against the defendant.  (Doc. 21 p. 6). Accordingly, this factor does not weigh against entry of default judgment.  *Kemper*, 2023 WL 4014658, at *4.

### 4.  Possibility of Disputed Material Facts.

The fifth *Eitel* factor examines whether a dispute exists regarding material facts.  *Eitel*, 782 F.2d at 1471-72.  Since Daigle is in default, all of Plaintiff's well pleaded factual allegations are taken as true. *TeleVideo Sys., Inc.*, 826 F.2d at 918 (citing *Geddes*, F.2d at 560). There is no possible dispute of material fact that would preclude the grant of default judgment in Plaintiff's favor. This factor weighs in favor of granting default judgment.

### 5.  Whether the Default was Due to Excusable Neglect

The sixth *Eitel* factor examines whether a defendant's default was due to excusable neglect.  *PespiCo*, 238 F.Supp.2d at 1177; *Eitel*, 782 F.2d at 1471-72.  This factor considers due process and considers whether defendants are "given notice reasonably calculated to apprise them

8

of the pendency of the action and be afforded opportunity to present their objection before a final judgment is rendered." *Phillip Morris USA, Inc. v. Castworld Productions*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Daigle was served with the summons and complaint. (Doc. 9). In addition, Plaintiff informed Daigle via e-mail that his default had been entered and that it intended to move for default judgment. (Doc. 21-2). Daigle has not appeared in this action, nor has he responded to any of Plaintiff's communications. Accordingly, this factor favors entry of default judgment. *See Magic Leap, Inc. v. Tusa Tuc*, 2017 WL 10456729, at *3 (N.D. Cal. Aug. 17, 2017).

### 6. Policy of Deciding Cases on the Merits

The seventh *Eitel* factor emphasizes the "general rule that default judgments are ordinarily disfavored." *Eitel*, 782 F.2d at 1472. "Cases should be decided upon the merits whenever reasonably possible." *Id.* (citing *Pena v. Seguros La Comersial*, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Daigle's refusal to participate in this action rendered a decision on the merits impossible. This factor does not weigh against default judgment.

*        *        *        *        *

The Court has considered all the *Eitel* factors and finds that Plaintiff is entitled to a default judgment against Defendant Daigle because all the factors weigh in favor of granting Plaintiff's motion.

## Findings and Recommendation

Under Federal Rule of Civil Procedure 54(c) "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Plaintiff's motion for a default judgment seeks declaratory relief which is consistent with the relief sought by the complaint. *PepsiCo, Inc*., 238 F.Supp.2d at 1177.

As noted above, Plaintiff is entitled to declaratory judgment declaring that it owes Defendant Daigle neither a duty to defend him in the underlying lawsuit nor an obligation to indemnify him. Plaintiff does not seek any other form of relief in this action. (Doc. 21 p. 7).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 21).

2. Judgment be entered against Defendant Richard Romeo Daigle;

3.  The Court declare that Plaintiff had and has no duty to defend or indemnify Defendant Richard Romeo Daigle in the underlying action; and

4.  This action be closed.

And, IT IS HEREBY ORDERED that Plaintiff Ohio Security Insurance Company serve a copy of these findings and recommendations on Defendant Richard Romeo Daigle within three days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __September 5, 2023__        _____

UNITED STATES MAGISTRATE JUDGE

10